IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID E. SIERRA-LOPEZ,

                                                                          OPINION AND ORDER

                Plaintiff,

                                                                          21-cv-624-bbc

     v.

BROOKE STEINGRAEBER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff David E. Sierra-Lopez is proceeding on a claim that defendant Brooke Steingraeber, a correctional officer at Columbia Correctional Institution, violated plaintiff's Eighth Amendment rights by failing to take reasonable steps to prevent him from harming himself. Defendant has filed a motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies before filing suit. Dkt. #13. The evidence shows that plaintiff failed to exhaust his administrative remedies, so I will grant the motion and dismiss this case without prejudice.

OPINION

      A plaintiff who is confined in prison when he files a lawsuit, and who is challenging prison conditions, must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). This means that the prisoner must take all steps within the administrative process, including filing an initial grievance and all necessary appeals. Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005); Burrell v. Powers, 431 F.3d

282, 284–85 (7th Cir. 2005); Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88–89 (2006).

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. A prisoner starts the complaint process by filing an inmate complaint with the institution complaint examiner. The inmate complaint must be filed within 14 calendar days of the event giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). The institution complaint examiner reviews and investigates the inmate complaint and then either rejects the complaint or recommends action to a reviewing authority. Id. §§ DOC 310.11, 310.12. An inmate dissatisfied with the reviewing authority's decision may appeal the decision to the corrections complaint examiner, which results in a decision by the Office of the Secretary. Id. §§ DOC 310.13 and 310.14.

In this lawsuit, plaintiff alleges that on September 3, 2021, defendant ignored plaintiff's statements that he was going to harm himself. Plaintiff then proceeded to cut himself repeatedly. Defendant has presented evidence that plaintiff never filed an inmate complaint about the September 3 incident. She argues that because he failed to file an inmate complaint, the case should be dismissed for his failure to exhaust his administrative remedies.

Defendant is correct. Plaintiff concedes that he never filed an inmate complaint regarding the incident at issue in this case. He argues that his failure should be excused

because he asked Correctional Officer Steven Wood for a grievance form on Saturday, September 4, 2021, and Officer Wood told him that the forms were available only on Wednesdays and Sundays. But this is not a sufficient basis to excuse plaintiff's failure to exhaust. Plaintiff had 14 days, until Friday, September 17, 2021, to file a timely inmate complaint form. Even if it was true that grievance forms were available only on Wednesdays and Sundays, plaintiff could have requested a grievance form on any of the two Sundays or two Wednesdays that fell within the 14-day period. He does not explain why he failed to do so, and has submitted no evidence that Officer Wood's statements or actions prevented him from timely exhausting.

Plaintiff has been incarcerated at Columbia Correctional Institution for several years, is familiar with the grievance system, and has managed to file dozens of inmate complaints. Dkt. #15-1 (Plt.'s inmate complaint history report). He has no persuasive excuse for his failure to file a timely inmate complaint in this case. Accordingly, I will grant defendant's motion to dismiss this case for plaintiff's failure to exhaust his administrative remedies.

ORDER

IT IS ORDERED that defendant Brooke Steingraeber's motion for summary judgment, Dkt. #13, is GRANTED. This case is DISMISSED WITHOUT PREJUDICE for plaintiff David Sierra-Lopez's failure to exhaust his administrative remedies before filing suit.

Entered this 5th day of April, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge